IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF THE STATE OF IOWA

| | |
|---|---|
| SAGE OHLENSEHLEN, CHRISTINA KAUFMAN, ALEXA PUCCINI, KELSEY DRAKE, MIRANDA VERMEER and ABBIE LYMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF IOWA, BRUCE HARRELD, in his official capacity as President of the University of Iowa, and GARY BARTA, in his official capacity as Director of the Department of Athletics at the University of Iowa,<br><br>    Defendants. | CASE NO. 3:20-cv-00080-SMR-SBJ<br><br><br>PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

**COME NOW** Plaintiffs, by and through their undersigned attorney, James C. Larew, LAREW LAW OFFICE, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65, and for PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, hereby state as follows:

1. This action is brought by current and potential female student athletes at the University of Iowa ("UI" or "University") who seek full and effective accommodation of the interests and abilities of female undergraduate student-athletes pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88 ("Title IX").

2. This action seeks preliminary relief from UI's unequal treatment of those students with respect to intercollegiate athletic opportunities and benefits (coaching, training, equipment,

supplies, scholarships, publicity, promotional materials, events, transportation, uniforms, playing fields, locker rooms, and other facilities).

3. In this motion, Plaintiffs focus the request for a temporary restraining order and preliminary injunctive relief concerning the reinstatement of the women's swimming and diving team at UI, which is scheduled for elimination for the next academic year, or 2021-2022. The announced elimination of this women's team, made at a time during which the University is already out of compliance with Title IX, constitutes further unlawful discrimination on the basis of sex. Plaintiffs seek maintenance of the current status quo, i.e., a restraining order commanding that the University take no steps to dismantle the existing women's swimming and diving team until a hearing can be held and Plaintiffs' request for a preliminary injunction can be adjudicated.

4. The need for temporary and preliminary relief is urgent. Accomplished student-athletes, including some of the Plaintiffs, have already put their names in the NCAA Transfer Portal and are considering moving to and enrolling at other universities that continue to sponsor intercollegiate women's swimming and diving teams. Indeed, 15 of the 35 swimmers and divers, in direct response to the termination decision, have already committed to swim elsewhere next semester or next year. These decisions can be undone but only within a certain time period. Two swimmers already left at the beginning of the year once they heard the termination news. Four swimmers and divers are currently in the Transfer Portal still but have not yet committed anywhere else to attend any other university or college. Such actions pose immediate, time-limited and difficult decisions by team members whether: on the one hand to stay at the University, where they have built their lives socially, have invested themselves academically, and have obtained all their credits to be a part of the UI swimming and diving team—but to forego that sport, in the future; or, on the other hand, to start all over again by transferring to

other colleges or universities where they can at least continue to participate in a sport to which they have committed years of training.  The need for immediate relief extends further, with respect to the integrity of the team.  Recruiting qualified women-athletes to participate in future UI women's swimming and diving teams has crashed to a halt, with the program's announced termination—incoming students who were set to swim at UI have changed plans and will not attend the UI after all. Further, the swimming and diving team stands to be permanently damaged as coaches are faced with critical career decisions given the finality with which the UI's termination decision was voiced by Defendants Bruce Harreld and Gary Barta. Without temporary and preliminary relief, irreparable harm will result on each of these fronts.

5. Plaintiffs' attempts to resolve this matter with the University have been unavailing.

6. Plaintiffs Sage Ohlensehlen, Christina Kaufman, Alexa Puccini, and Kelsey Drake are all members of the women's swimming and diving team that has been marked for elimination after the current academic year. Plaintiffs Christina Kaufman and Alexa Puccini are a sophomore and freshman, respectively, at the University of Iowa. Plaintiffs Sage Ohlensehlen and Kelsey Drake are seniors at the University. All Plaintiffs remain eligible for competition under all applicable rules, given a NCAA-granted extension of one-year time due to COVID-19.

7. Plaintiffs are likely to succeed on the merits of their claim because the University of Iowa's athletics program fails to meet Title IX's accommodation of interests and abilities requirement insofar as it: (1) fails to offer women opportunities to participate in intercollegiate athletics substantially proportionate to the number of undergraduate women enrolled full-time; and (b) has failed continually to expand athletic participation opportunities for women in response to their interests and abilities, as evidenced by the elimination of a viable women's

team, and its failure to add a women's intercollegiate team to its list of sponsored programs for more than 20 years; and (c) fails fully and effectively to accommodate the interests and abilities of women currently enrolled, including the swimmers and divers if the team is eliminated, and two additional named Plaintiffs: Miranda Vermeer and Abbie Lyman, each of whom, if offered, would participate in intercollegiate sports teams.

8. The women's swimming and diving team is, and has been, a viable team, with more than enough student interest to field a competitive team, and to compete with other teams belonging in the Big Ten Conference, as well as other universities throughout the United States.

9. The elimination of the women's swimming and diving team along with the three men's teams will not bring the University into compliance with Title IX, and therefore the inequality of athletic opportunity offered by UI will continue to exist.

10. Plaintiffs, and others similarly-situated, will suffer irreparable injury as a result of the elimination of the women's swimming and diving team. If not reinstated by an Order of this Court, those swimmers and divers who decide to remain at the University will be forced to give up their passions for the varsity sport, which is an integral component of their college experiences, causing them to miss opportunities to compete at the highest levels at the very moment of their lives when, after years of training, they should be performing at their peak capacities. They will forever be denied the opportunity to participate in intercollegiate swimming if they stay, and even missing just one year of the fleeting college years of competition would be devastating. Those who transfer to another college or university that continues to sponsor an intercollegiate women's swimming and diving team will have to face the uncertainty of admission, the likelihood of higher tuition fees, the risk of losing academic credits or the slowing down or alteration of their academic majors. As transfer students, they will further face the

uprooting of their lives in Iowa, as they move further from their families, and their teammates and coaches—persons who, in effect, have become their extended families on campus. Money damages could not begin to adequately compensate Plaintiffs for their losses.

11. Any harm to the University, by contrast, and if at all, would be minimal. It is difficult to conceive of a single temporary harm if the Court were to issue a preliminary injunction, ordering the University of Iowa to rescind its termination decision and to continue with its full support of the women's swimming and diving team until such time as the full trial of this matter has been completed. The cost of maintaining the women's swimming and diving team, during that time period, is already committed, as the termination does not occur until the next academic year. Moreover, any cost would be small since the University of Iowa already has the equipment and extraordinary facilities needed to support this team, as well as the requisite coaches and program infrastructure. Further, in announcing the termination decision, the University of Iowa assured Plaintiffs and similarly-situated women athletes that the institution's scholarship commitments would be honored—therefore, expenses related to scholarships will not be increased as a result of the Court's issuance of a temporary restraining order.

12. The minimal cost to the University to maintain this team, which it was already going to do through this year, is far outweighed by the irreparable harm to Plaintiffs, and the balance of equities weights strongly in Plaintiffs' favor.

13. The public interest is supported by complying with the law and preventing gender discrimination, which supports issuance of a preliminary injunction.

14. Plaintiffs request a waiver of security as all of them are students without any additional income.

15. In support of this Motion, Plaintiffs have filed the accompanying Appendix comprised of the following documents: Declarations of Plaintiffs; Declaration of Robert Rydze; Declaration of Nancy Hogshead-Makar; Report of Dr. Donna Lopiano; Report of Dr. Andrew Zimbalist; Declaration of James C. Larew.

16. In addition, Plaintiffs have filed a Motion to File an Overlength Brief and accompanying Memorandum of Law. Defendants do not oppose that Motion.

17. Plaintiffs provided notice by telephone and in writing to counsel for the University of the instant filing and are contemporaneously providing opposing counsel with copies of all documents filed in this matter. *See* Declaration of James C. Larew, Appendix pp. 282-283.

**WHERFORE** Plaintiffs respectfully request that this Court issue a temporary restraining order barring the University of Iowa from dismantling its women's swimming and diving team before Plaintiffs' request for a preliminary injunction can be adjudicated; and after a hearing, issue a preliminary injunction ordering Defendants not to eliminate the women's swimming and diving team, and to prohibit Defendants from retaliating against Plaintiffs or other class members in any manner for asserting their legal rights to equal opportunity and equal treatment.

Respectfully submitted,

LAREW LAW OFFICE

      /s/ *James C. Larew*
James C. Larew   AT0004543
LAREW LAW OFFICE
504 E Bloomington St.
Iowa City, IA  52245
Phone: (319) 337-7079
Fax: (319) 337-7082
Email: James.Larew@LarewLawOffice.com
**ATTORNEY FOR PLAINTIFFS**

Copy to:

Kayla Burkhiser
Audra Drish
Meghan Jolly
Attorney General's Office
Hoover Building
1305 E Walnut Street
Des Moines, Iowa 50319
Phone: (515) 281-5164
Email: kayla.burkhiser@ag.iowa.gov
       audra.drish@ag.iowa.gov
       meghan.jolly@ag.iowa.gov

**ATTORNEYS FOR DEFENDANT UNIVERSITY OF IOWA**

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon all parties to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on December 3, 2020.

By:
☐   Hand Delivered
☐   US Mail
☐   Fax
X   Email
X   Other-CM/ECF

Signature _/s/ *Andrew Kramer*_