IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| SAGE OHLENSEHLEN, CHRISTINA KAUFMAN, ALEXA PUCCINI, KELSEY DRAKE, MIRANDA VERMEER, and ABBIE LYMAN, | ) ) ) ) | Case No. 3:20-cv-00080-SMR-SBJ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER |
| THE UNIVERSITY OF IOWA, BRUCE HARRELD, in his official capacity as President of the University of Iowa, and GARY BARTA, in his official capacity as Director of the Department of Athletics at the University of Iowa, | ) ) ) ) ) ) ) | AND GRANTING EXPEDITED BRIEFING ON MOTION FOR PRELIMINARY INJUNCTION |
| Defendants. | ) ) ) | |

On September 25, 2020, Plaintiffs Sage Ohlensehlen, Christina Kaufman, Alexa Puccini, Kelsey Drake, Miranda Vermeer, and Abbie Lyman filed suit against Defendants the University of Iowa (the "University"), Bruce Harreld, and Gary Barta, alleging violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"). Their underlying lawsuit claims Defendants have failed to provide equal participation, equal treatment, and equal scholarship opportunities for female athletes at the University of Iowa and are in violation of their obligations under Title IX. [ECF No. 1 ¶¶ 112–120]. Plaintiffs also specifically contend that the University's August 21, 2020 elimination of women's swimming and diving for the 2021–22 academic year in response to the financial exigencies posed by the Covid-19 pandemic exacerbates the school's noncompliance and impermissibly deprives its female athletes of a viable women's sports team. *See* [ECF No. 1 ¶¶ 85–87].

Presently before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed on December 3, 2020.   [ECF No. 12]; *see* Fed. R. Civ. P. 65. Plaintiffs request a preliminary injunction prohibiting Defendants from eliminating the women's swimming and diving team as a varsity University-sponsored intercollegiate sport, and from eliminating any other women's intercollegiate teams unless and until equal athletic opportunity for women has been achieved in compliance with Title IX. *See id.* at 6.  In the interim, they ask that the Court grant emergency relief in the form of a temporary restraining order until they can be heard on their request for a preliminary injunction.  *Id.*

Injunctive relief is an extraordinary remedy, made more so by the emergency nature of a temporary restraining order.  Plaintiffs, as the moving party, bear the burden of demonstrating (1) the probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury absent the injunction, (3) that the balance of harm from the issuance of the injunction weighs in favor of Plaintiffs, and (4) the public interest weighs in favor of injunctive relief.  *See Dataphase Sys., Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981) (en banc).  Courts exercise their discretion to "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'"  *Calvin Klein Cosmetics Corp. v. Lenox Labs, Inc.*, 815 F.2d 500, 503 (8th Cir. 1987) (quoting *Dataphase*, 640 F.2d at 113)).  Though no single factor is dispositive, *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1572 (8th Cir. 1994), "failure to show irreparable harm is, by itself, a sufficient ground upon which to deny [injunctive relief]," *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418(8th Cir. 1987).

Regarding their application for a temporary restraining order, Plaintiffs do not establish that they will suffer irreparable harm if they are not granted emergency injunctive relief before

they are can be heard on their motion for a preliminary injunction.   In order to demonstrate irreparable harm, Plaintiffs were required to show that "harm is certain and great and of such imminence that there is a clear and present need for equitable relief."   *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996)).   At this stage, the Court considers whether Plaintiffs will suffer irreparable harm in the weeks before holding a hearing for preliminary relief, not whether they show harm if Defendants are not enjoined prior to a trial on the merits.

In their supporting documents, Plaintiffs assert fifteen of the thirty-five members of the women's swimming and diving team have already to committed to swim at another school next semester or next year, while four more are currently in a transfer portal but remain uncommitted. [ECF No. 12-2 at 4].   They also assert recruiting has ceased, impacting next year's athlete membership and coaching staff in ways that will have lasting consequences for the team's future. *Id.* at 4, 7, 13–14, 17; *see also id.* at 33, 138–39.   But the cuts to the University's athletic department do not go into effect until next year.   Plaintiffs have been aware of the University's actions for more than three months and filed suit more than two months ago; only now do they move for emergency relief.   *See Pierre v. Univ. of Dayton*, 143 F. Supp. 3d 703, 713 (S.D. Ohio 2015) (concluding plaintiff had not shown irreparable harm from school suspension due to delay in bringing application for emergency relief, so a temporary restraining order would not issue). Though Plaintiffs represent these decisions to transfer or de-commit can be rescinded, they do not describe these timelines or show such relief would be afforded by an immediate injunction at this time.   *Cf. Gregor v. W. Va. Secondary Sch. Activities Comm'n*, Civil Action No. 2:20-cv-00654, 2020 WL 5997057, at *3 (S.D. W. Va. Oct. 9, 2020) (finding plaintiffs had not demonstrated irreparable harm would specifically occur between the filing of and hearing on their motion for a

preliminary injunction to justify issuance of a temporary restraining order). Because Plaintiffs have not established the threat of irreparable injury "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm," *Jackson v. Macalester Coll.*, 169 F. Supp. 3d 918, 921 (D. Minn. 2016) (citing *Packard Elevator v. interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986)), they have not established a need for such immediate emergency relief. Plaintiffs' request for a temporary restraining order is therefore DENIED.

However, the Court appreciates the time-sensitive nature of Plaintiffs' dilemma as a general matter, and finds expedited briefing to be appropriate. Defendants are hereby ORDERED to respond to Plaintiffs' Motion for Preliminary Injunction on or before **December 11, 2020**. Plaintiffs may file a reply brief by no later than the close of business on **December 16, 2020**. A hearing will be held on Plaintiffs' motion on **December 18, 2020 at 2:00 p.m.** Counsel for both parties will be required to attend.

IT IS SO ORDERED.

Dated this 4th day of December, 2020.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT