IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| SAGE OHLENSEHLEN, CHRISTINA KAUFMAN, ALEXA PUCCINI, KELSEY DRAKE, MIRANDA VERMEER, and ABBIE LYMAN, | ) ) ) ) ) ) | Case No. 3:20-cv-00080-SMR-SBJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| THE UNIVERSITY OF IOWA, BRUCE HARRELD, in his official capacity as President of the University of Iowa, and GARY BARTA, in his official capacity as Director of the Department of Athletics at the University of Iowa, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Before the Court is a joint motion by the above-captioned parties. They ask the Court to release Plaintiffs' bond, approve attorney fees and costs, enter judgment for Plaintiffs, and dismiss the case with prejudice.

I. INTRODUCTION

This case stems from a decision by the University of Iowa to eliminate women's swimming and diving as a varsity intercollegiate sport. Plaintiffs filed this lawsuit against Defendants alleging that the University fails to provide equal participation, equal treatment, and equal scholarship opportunities for female athletes in violation of Title IX. *See* 20 U.S.C. § 1681.

Plaintiffs filed a motion for a temporary restraining order on December 3, 2020, [ECF No. 12], which the Court denied. [ECF No. 13]. The Court held a hearing on the motion for a preliminary injunction and that motion was granted on December 24, 2020. [ECF No. 42]. The

1

preliminary injunction required Plaintiffs to post a $360,000 bond as security, which they posted on January 7, 2021. [ECF No. 47].

The parties cross-appealed the Court's preliminary injunction order, [ECF Nos. 51; 52], but soon jointly dismissed both appeals. [ECF No. 60]. The parties now inform the Court that they have settled the case. [ECF No. 88 ¶ 1]. As part of the settlement agreement, Defendants have agreed to pay Plaintiffs' reasonable attorney's fees and costs but request the Court's approval of the reasonableness of those fees and costs. *Id.* The parties also seek the release of Plaintiffs' bond; entry of judgment for Plaintiffs as the prevailing parties; and dismissal of the complaint with prejudice. For the reasons below, the motion is GRANTED.

## II.     ANALYSIS

In support of the motion, the parties attached an exhibit summarizing the requested attorney's fees and costs. They seek $307,545 in attorney's fees for a total of 937.3 hours of work. [ECF No. 88-1 at 1]. The lodestar amount is calculated out to $317,045 but the exhibit indicates the amount was reduced as a compromise. *Id.* Five attorneys are identified in the records: James C. Larew, Claire M. Diallo, Deborah Svec-Carstens, Kristen Galles, and Andrew Kramer. The billable rate for the attorneys range from $425 per hour to $150 per hour. Larew, Diallo, and Svec-Carstens charge $25 or $50 per hour more for hearings. Larew charges the highest rate—$400/$425 per hour—and Diallo and Svec-Cartsen both charge $300/$350 per hour. Galles charges $400 per hour with no hearing hours reflected in the summary. Kramer charges $150 per hour with no hearing hours noted.

The summary itemizes the hours expended on the case into pre-suit investigation/drafting, amended complaint and preliminary injunction work, and post-injunction hearing work including

motions practice, appeal preparation, and discovery work. Most time is itemized for the preliminary injunction stage and after the injunction hearing.

Based on its review of the submissions by the parties, the Court finds the attorney's fees requested by the parties are reasonable under the circumstances of this case. The top rates charged by the attorneys are entirely within the normal bounds for Iowa. *See, e.g., Animal Legal Defense Fund v. Reynolds*, 385 F. Supp. 3d 840, 844 (S.D. Iowa 2019) (awarding attorney fees at a rate of $230–$400 per hour at Des Moines-based rate); *James v. Rasmussen*, No. C15-0062, 2016 WL 7422666, at *3 (N.D. Iowa Dec. 22, 2016) (finding $300 per hour to be "reasonable compensation" for experienced and well-respected trial lawyer). This case entailed voluminous documentation in a fairly complex area of the law. *Gilbert v. Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989) (noting judges should weigh hours against their "own knowledge, experience, and expertise of the time required"). The Court finds the submitted summary of attorney's fees reasonable under the circumstances.

The parties also request the Court review Plaintiffs' costs and expenses for reasonableness. They seeks reimbursement for expert fees and in-house costs. Fees are sought for three experts: Dr. Donna Lopiano, Nancy Hogshead-Makar, and Dr. Andrew Zimbalist. Dr. Lopiano charges $250 per hour for 160.6 hours of work on an initial and supplementary report, hearing preparation, and discovery review. She also charges $500 per hour for 3 hours of testimony at the preliminary injunction hearing. Hogshead-Makar charges $650 per hour for 65 hours of work in consulting both prior to the initiation of the suit and throughout the course of litigation. Dr. Zimbalist charges $425 per hour for 12.5 hours of work on an economist report in support of the motion for preliminary injunction. Nothing in the parties submissions appears to be unreasonable and the Court notes the expert reports were thorough and Dr. Lopiano's testimony, in particular, was very

helpful.  The in-house costs detailed in the summary are also reasonable, totaling $3,231.14 for, among other expenses, internet research costs, copying costs, and travel.  The Court finds that the attorney's fees and costs described in the motion are reasonable.

Finally, the parties state that as part of their settlement agreement, Plaintiffs will dismiss their case with prejudice and Defendants will agree that the bond may be released in full.  They ask the Court to enter an order to that effect.

### III.   CONCLUSION

The parties' joint motion is GRANTED.  The Court finds attorney's fees in the amount of $307,545 and costs and expenses in the amount of $92,444.14 are reasonable for this case.  Judgment is entered in favor of Plaintiffs as the prevailing party.  Plaintiffs shall file on the docket the information necessary to assist Clerk of Court to return the bond.  This information includes the bond amount, payee, and a mailing address.  This case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated this 6th day of October, 2021.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT